(Reap. Dec. 9926)

JAMES G. WILEY, A/C YALE SALES COMPANY v. UNITED STATES

Entry No. DE–2904, etc.

(Decided February 27, 1961)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

JOHNSON, Judge: When this appeal for reappraisement was called for trial, it was submitted upon the following stipulation of counsel for the respective parties:

MR. GLAD: If it please the Court, this appeal is abandoned except as to entries number 2904 and 9639, and as to entry number 2904, the appeal is abandoned except as to items number 217/Z1 and 2, and as to that item, I offer to stipulate that at the period of exportation the export value of such or similar merchandise, as defined by Section 402 of the Act, was $75.30, less 33⅓ per cent.

MR. FITZGIBBON: The Government agrees.

MR. GLAD: I further offer to stipulate that during the period of exportation there was not any higher foreign value for such or similar merchandise.

MR. FITZGIBBON: Government agrees.

MR. GLAD: And that this was a net packed figure.

MR. FITZGIBBON: Government agrees.

MR. GLAD: As to entry number 9639, this appeal is abandoned except as to item number H 300/R5, and as to that item, I offer to stipulate that during the period of exportation there was no foreign, export or United States value, as defined by Section 402 of the Act, for such or similar merchandise.

I further offer to agree that cost of production of such or similar merchandise during that period is represented by the figure of $3.70, less 33⅓ per cent.

MR. FITZGIBBON: That is agreed to.

On the agreed facts, I find (1) that the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise described

on the invoice covered by entry No. 2904 as items numbered 217/Z1 and 2, and that such value is $75.30, less 33⅓ per centum, net packed; and (2) that cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise described on the invoice covered by entry No. 9639 as item number H 300/R5, and that such value is $3.70, less 33⅓ per centum.

As to all other entries and all other items of merchandise, the appeal, having been abandoned, is dismissed.

Judgment will be rendered accordingly.